Citation Nr: 1132143 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-09 814 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Sandra E. Booth, Esq.


ATTORNEY FOR THE BOARD

M. Moore, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1942 to October 1945. He died in February 2004, and the appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, denying service connection for the cause of the Veteran's death. In December 2004, the appellant submitted a notice of disagreement and subsequently perfected her appeal in February 2006.

In a December 2008 decision, the Board denied the matter on appeal. The appellant appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In October 2009, the Court issued an order granting a joint motion to remand (JMR) the appeal to the Board. The appeal was returned to the Board for action consistent with the October 2009 JMR and Court order.

In March 2010, the Board remanded the appellant's claim of entitlement to service connection for the cause of the Veteran's death to the Cleveland RO for further evidentiary development, including obtaining an addendum VA medical opinion. The Board is obligated by law to ensure that the RO complies with its directives; where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. See Stegall v. West, 11 Vet. App. 268 (1998).

A review of the record reflects that the RO obtained an addendum VA medical opinion in July 2010. Accordingly, all remand instructions issued by the Board have been complied with and this matter is once again before the Board.

The appeal is REMANDED to the Cleveland RO. VA will notify the appellant if further action on her part is required.

REMAND

After a thorough review of the appellant's claims file, the Board has determined that additional evidentiary development is necessary prior to the readjudication of her claim of entitlement to service connection for the cause of the Veteran's death.

The Board is cognizant of the fact that the appellant's case has been in adjudicative status since 2006, and that it has been remanded in the past. Consequently, the Board wishes to assure the appellant that it would not be remanding this issue again unless it was essential for a full and fair adjudication of her claim.

In July 2011, the appellant's attorney submitted a June 2011 letter from a private registered nurse, opining on the cause of the Veteran's death. This evidence, though pertinent to the appellant's claim, has not been considered by the RO. Further, neither the appellant nor her attorney has submitted a waiver of the RO's initial consideration of this evidence. In these circumstances, the law requires that the Board return the appeal to the RO for initial consideration of the new evidence. See Disabled American Veterans, et al. v. Secretary of Veterans Affairs (DAV), 327 F.3d 1339 (Fed. Cir. 2003); 38 U.S.C.A. § 7104 (2010); 38 C.F.R. § 20.1304(c) (2010).

As noted above, the appellant's attorney submitted a June 2011 letter from a private registered nurse, A. C. In her opinion, A. C. related the Veteran's service-connected bronchiectasis and in-service diagnoses of chronic bronchitis to his eventual death from chronic obstructive pulmonary disease (COPD). This is in contrast to the April 2006 and July 2010 VA medical opinions. Although A. C.'s letter is insufficient on its own to grant service connection for the cause of the Veteran's death, as it fails to address the Veteran's normal lungs and chest x-ray on discharge, it does raise the question of whether the Veteran's in-service diagnoses of chronic bronchitis were related to his service-connected bronchiectasis, COPD, and/or eventual death. The VA medical opinions of record do not directly address the Veteran's in-service diagnoses. Thus, the April 2006 and July 2010 VA medical opinions are not adequate to render a decision on entitlement to service connection for the cause of the Veteran's death. See Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate). The appellant must be afforded a new VA medical opinion to address the cause of the Veteran's death.

As the Court explained in Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991), the Board may consider only independent medical evidence to support its findings. The Court went on to say that, if the medical evidence of record is insufficient, the Board is free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions. See Colvin at 175. For the reasons described above, the appellant's claim of entitlement to service connection for the cause of the Veteran's death must be remanded for a new VA medical opinion.

Additionally, the Board notes the July 2011 letter from the appellant's attorney indicated that additional medical treatise evidence had been submitted via certified mail. However, the claims file does not include this referenced evidence. Thus, on remand, the RO must advise the appellant that this evidence has not been received and afford her the opportunity to resubmit it.

Accordingly, the case is REMANDED for the following actions:

1. Contact the appellant and her attorney to inform them that the medical treatise evidence referenced in the July 2011 letter has not been associated with the claims file. Afford them the opportunity to resubmit this evidence.

2. After completion of the above, the claims file should be sent to a VA pulmonologist to provide an opinion on the cause of the Veteran's death. The pulmonologist must review the entire claims file, including the June 2011 private registered nurse opinion and the Veteran's service treatment records. That such a review was conducted must be noted in the opinion.

The examiner should provide an opinion as to whether the Veteran's service-connected bronchiectasis or in-service diagnoses of chronic bronchitis was a principal (primary) or contributory (contributed materially or substantially) cause of the Veteran's death. The examiner should specifically address:

A. Is chronic bronchitis considered a form of COPD?

B. Was the Veteran's COPD caused by his in-service diagnoses of chronic bronchitis?

C. What, if any, part did the Veteran's in-service diagnoses of chronic bronchitis play in his development of COPD and eventual death?

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood).

The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. A complete rationale should be provided for any opinion offered.

3. After completing the above actions and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim of entitlement to service connection for the cause of the Veteran's death should be readjudicated. If the claim remains denied, a supplemental statement of the case should be provided to the appellant and her attorney. After they have had an adequate opportunity to respond, this issue should be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2010).



_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. See 38 C.F.R. § 20.1100(b) (2010).